The following opinion was delivered at special term:
“Ingraham, J.
The complaint alleges that on September 8, the plaintiff had on deposit with defendants the sum of $456.25 ; that at various times between that date and October 18, 1884, plaintiff deposited with the defendants various sums of money, aggregating $3,000, and *556 about October 13, 1884, there was credited to plaintiff’s account by defendants the sum of $418.25, making in the aggregate the sum of $3,875, moneys of the plaintiff in the hands of the defendants.
“ This allegation, as it stands, would make the relation between the plaintiff and the defendants one simply of debtor and creditor, and the fact that the defendants were acting as the brokers of the plaintiff would bring the case within subdivision 3 of section 550 of the Code, which provides for cases where the right to arrest depends upon facts extrinsic to the cause of action.
“ The allegation in the third clause of the complaint, that the said moneys were so deposited and allowed to remain and accumulate in the defendants’ hands upon the agreement therein set forth, does not change the relation that existed between the parties. Nothing is alleged that would show that the plaintiff was entitled to recover the identical money that had been deposited with the defendants, and there is no allegation in the complaint that the money was converted by the defendants.
“To sustain the action, it was not necessary to allege in the complaint the relation that existed between the parties, or that the money was received by defendants as brokers or in a fiduciary capacity (Wood v. Henry, 40 N. Y. 126 ; Segelken v. Meyer, 94 Ib. 473).
“As appears by the case on appeal that was submitted to me on the argument of this motion, on the trial of the action no evidence was offered by the plaintiff to show that the money was paid to or received- by the defendants under any special agreement; but the evidence of the plaintiff was, that on a certain day he had a balance with the defendants of so much, and that' he gave them various sums in cash, aggregating $3,456.25, the balance being made up by the profits on a wheat speculation. If the action had been one for a conversion of money, the plaintiff failed to make out such a cause of action on the trial, and the complaint would have been dismissed.
Alex. Thain, for appellant.
George F. Duysters, for respondents.
“ The subsequent allegations of fraud in the complaint do not bring the action within subdivision 4 of section 549 of the Code. The liability which the action was brought to enforce was contracted on the original deposit of the money with the defendants. There was no fraud in contracting or incurring the liability, and the allegations of fraud in the complaint were in relation to subsequent transactions which the defendants claim resulted in a loss to plaintiff.
“I think, therefore, the action is one under subdivision 3 of section 550, where the right to arrest depends upon facts extrinsic to the cause of action, and under section 1487, plaintiff was not authorized to issue an execution against the person unless the order of arrest had been granted and executed against the judgment debtor. As no order' of arrest has been granted in this action, the execution was irregular, and must be set aside. Motion must therefore be granted, with $10 costs.
Per Curiam.
Order affirmed, with $10 costs, on
opinion below.'